IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

STEVEN L. YELDING,              :

   Petitioner,                  :

vs.                             : CIVIL ACTION NO. 08-0570-CG-C

UNITED STATES OF                : CRIMINAL ACTION NO. 02-0134-CG
AMERICA,
                                :
   Respondent.

## REPORT AND RECOMMENDATION

Petitioner, Steven L. Yelding, a federal prison inmate proceeding *pro se*, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 48; *see* Doc. 45). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). It is recommended that Yelding's § 2255 motion be dismissed because this Court lacks jurisdiction to entertain this successive petition.

## FINDINGS OF FACT

1.    On September 16, 2002, petitioner entered a counseled guilty plea to both counts of the indictment. (*See* Doc. 12) Count One charged Yelding with possession with intent to distribute cocaine in violation of 21

U.S.C. § 841(a)(1) and 18 U.S.C. § 2; Count Two charged petitioner with possessing a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). (*Id.*; *see also* Doc. 1) Yelding was sentenced, on January 6, 2003, to 57 months imprisonment with respect to Count One of the indictment and 60 months as to Count Two of the indictment; the sentences were made to run consecutive to one another. (*See* Doc. 16) Petitioner did not appeal his convictions or sentences. (*See* Doc. 18, at 5 ("Did n[o]t file a direct appeal"))

      2.      On August 1, 2005, Yelding filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. 18; *see also* Doc. 19) By order dated November 10, 2005, this Court dismissed as time-barred Yelding's motion. (Doc. 32) The Court denied petitioner's motion to reconsider. (Doc. 35; *see* Doc. 34 (motion for reconsideration)) Petitioner filed written notice of appeal on January 6, 2006 (Doc. 36) and concurrently therewith a motion for certificate of appealability (*see id.*). This Court denied the motion for certificate of appealability on January 27, 2006 (Doc. 39) and the Eleventh Circuit issued its mandate on April 19, 2006 also denying Yelding's motion for certificate of appealability (Doc. 41).

> To merit a certificate of appealability, appellant must show that reasonable jurists would find debatable both (1) the merits of an underlying claim and (2) the procedural issues he seeks to raise. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473,

478, 120 S.Ct. 1595, 1600-01, 146 L.Ed2d 542 (2000).

Appellant concedes that his § 2255 motion was untimely filed, but attempts to overcome this time-bar based on his actual innocence. See United States v. Montano, 398 F.3d 1276, 1280 (11th Cir. 2005) (holding that this Court will reach the merits of a time-barred § 2255 motion if appellant makes a showing of actual innocence). "To establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998) (citation omitted). "[I]n this regard . . . 'actual innocence' means factual innocence, not mere legal insufficiency." Id. Here, appellant asserted that the record did not support his conviction for possessing a firearm during and in relation to a drug trafficking offense, 18 U.S.C. § 924(c)(1)(A), that the Supreme Court's decision in Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), supported his actual innocence claim, and that the district court erred in failing to hold an evidentiary hearing on his actual innocence claim.

To sustain a conviction under 18 U.S.C. § 924(c)(1), the government must show that, during and in relation to a drug trafficking offense, the defendant used, carried, or possessed a firearm in furtherance of that offense. 18 U.S.C. § 924(c)(1)(A); see also United States v. Gunn, 369 F.3d 1229, 1234 (11th Cir.), cert. denied, 125 S.Ct. 324 (2004). The record reveals that appellant admitted, in his plea agreement and at his plea colloquy, that he had, in his house, several bags of cocaine and two firearms, and that he possessed the firearms "during and in relation to" his sale of the cocaine. Based on these admissions, appellant cannot show that "no reasonable juror would have convicted him" for this offense. Bousley, 523 U.S. at 623, 118 S.Ct. at 1611.

Moreover, appellant's reliance on Bailey is misplaced. In Bailey, the Supreme Court held that mere possession of a

3

> firearm would not satisfy the burden of proof for a "use and carry" conviction under 18 U.S.C. § 924(c)(1)(A). Bailey, 516 U.S. at 143, 116 S.Ct. at 505. However, Congress amended 18 U.S.C. § 924(c)(1)(A), following the Supreme Court's decision in Bailey, to criminalize the possession of a firearm in furtherance of a drug trafficking crime. See H.R. Rep. No. 015-344, Oct. 24, 1997. As such, because appellant plead guilty to possessing a firearm, rather than using and carrying a firearm, Bailey cannot support his claim.
>
> Lastly, based on the above analysis, the district court did not err in dismissing appellant's § 2255 motion without holding an evidentiary hearing. 28 U.S.C. § 2255 (providing that a district court need not hold an evidentiary hearing where the § 2255 motion, files, and records of the case conclusively show that the petitioner is not entitled to relief). **Because appellant's § 2255 motion is plainly barred by 28 U.S.C. § 2255's one-year statute of limitations**, appellant has failed to satisfy the second prong of Slack's test. Slack, 529 U.S. at 478, 120 S.Ct. at 1600-01.

(Doc. 41, at 1-3 (emphasis supplied))

3.  Yelding filed another motion to vacate under 28 U.S.C. § 2255 on September 29, 2008. (Doc. 45) Because that pleading was not filed on this Court's form, petitioner was ordered to complete and file this Court's form complaint for § 2255 actions. (*See* Doc. 47) Petitioner completed and filed this form on November 3, 2008. (Doc. 48)

## **CONCLUSIONS OF LAW**

1.  Rule 4 of the Rules Governing Section 2255 Cases provides, in pertinent part, that "[i]f it plainly appears from the motion, any attached

4

exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. foll. § 2255, Rule 4(b). Because this rule is all but identical to its § 2254, *see* 28 U.S.C. foll. § 2254, Rule 4, it is clear that a district court has the authority under this rule to dismiss frivolous habeas petitions prior to any answer by the United States. *Acosta v. Artuz*, 221 F.3d 117, 123 (2nd Cir. 2000) ("[T]he authority to raise [] procedural defenses *sua sponte* is consistent with the authority provided to the district courts in 2254 Habeas Rule 4 and 2255 Habeas Rule 4(b)."); *see Day v. Crosby*, 391 F.3d 1192, 1194 & 1195 (11th Cir. 2004) ("The critical difference between the ordinary civil case and a habeas case involves Rule 4 of the Rules Governing Section 2254 cases. . . . The Fifth, Fourth, and Second Circuits have concluded that '[t]his rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses.' . . . The Advisory Committee Notes to Rule 4 state that a federal district court has 'the duty . . . to screen out frivolous applications.' . . . A concession of timeliness by the state that is patently erroneous does not compromise the authority of a district court *sua sponte* to dismiss a habeas petition as untimely, under AEDPA."), *judgment aff'd sub nom. Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675,

164 L.Ed.2d 376 (2006); *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (finding that a district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state."); *United States v. Gray*, 1996 WL 228461, *16 (N.D. Fla. 1996) ("Finally, Judge Coffin noted [in concurring in part and dissenting in part in *United States v. Quin*, 836 F.2d 654, 658-659 (1st Cir. 1988)] that federal courts are not helpless to manage frivolous habeas or post-conviction petitions. Patently frivolous claims may be dismissed summarily without answer by the Government.").

    2.    Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), "before a second or successive motion or petition is filed, the petitioner first must obtain an order from the court of appeals authorizing the district court to consider it." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005), citing 28 U.S.C. §§ 2244(b)(3)(A) & 2255; *see also Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("The AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it.").

6

3.     The instant petition, filed first on September 29, 2008 (Doc. 45; *see also* Doc. 48 (motion filed on this Court's form on November 3, 2008)) pursuant to 28 U.S.C. § 2255, is clearly a successive petition yet there is nothing to indicate that Yelding has filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider the motion. Because petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file a second § 2255 motion, this Court lacks jurisdiction to consider Yelding's request for relief. *Holt, supra,* 417 F.3d at 1175 ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); *Farris, supra*, 333 F.3d at 1216 (same).

4.     The undersigned recommends that this Court dismiss Yelding's present § 2255 motion to vacate due to his failure to comply with § 2244(b)(3)(A), rather than transfer same to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 1631, *compare Guenther v. Holt,* 173 F.3d 1328, 1330-1331 (11th Cir. 1999) (refusing to decide whether § 1631 authorizes a transfer), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000), *with In re Green*, 215 F.3d 1195, 1196 (11th Cir. 2000) (§ 2255 case which implicitly recognized that § 1631 authorizes a transfer), because his petition "in addition to being second or successive, [is] indisputably time-

barred." *Compare Guenther*, 173 F.3d at 1331 *with* Doc. 41, at 3 ("Because appellant's § 2255 motion is plainly barred by 28 U.S.C. § 2255's one-year statute of limitations, appellant has failed to satisfy the second prong of Slack's test.").

## **CONCLUSION**

The Magistrate Judge recommends that Yelding's § 2255 motion be dismissed due to his failure to comply with 28 U.S.C. § 2244(b)(3)(A).

The following page contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 13th day of November, 2008.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

     s/WILLIAM E. CASSADY_____
     UNITED STATES MAGISTRATE JUDGE