**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| STEVEN L. YELDING, | : |
| Petitioner, | : |
| vs. | : CIVIL ACTION NO. 08-0570-CG-C |
| UNITED STATES OF AMERICA, | : CRIMINAL ACTION NO. 02-0134-CG |
| | : |
| Respondent. | |

**REPORT AND RECOMMENDATION**

This action was referred to the undersigned by the Clerk of Court pursuant to 28 U.S.C. § 636(b)(3)[1] and is now before the undersigned on petitioner Steven L. Yelding's Motion for Certificate of Appealability (Doc. 54; *see also* Doc. 53). Based upon a thorough review of this motion and all other pertinent pleadings in this case, it is recommended that petitioner's request for a certificate of appealability ("COA") be denied. It is further recommended that Yelding's implicit motion for leave to appeal *in forma*

---

[1] Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), the claimant does not have an opportunity to file objections. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) ("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court."). The Clerk is therefor directed to refer this matter to the District Judge for his consideration without the necessity of a waiting period.

*pauperis* be denied on the basis that it is not taken in good faith and that he be required to pay the filing fee pursuant to 28 U.S.C. § 1915(b).

## BACKGROUND

Steven L. Yelding, a federal prisoner, entered counseled guilty pleas to one count of distributing cocaine and one count of possessing a firearm during a drug trafficking crime on September 16, 2002. (*See* Doc. 12) Petitioner was sentenced to a 57-month term of imprisonment as to Count I and a consecutive 60-month term of imprisonment as to Count II on January 6, 2003. (*See* Doc. 16) Yelding did not directly appeal his convictions and sentences (*see* Doc. 18, at 5); however, some two and one-half years later, on August 1, 2005, he filed a motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 18). On November 10, 2005, the Court dismissed petitioner's motion to vacate as time-barred. (Doc. 32; *see also* Doc. 35 (denial of motion for reconsideration)) Petitioner's motion for certificate of appealability (Doc. 36) and motion to appeal *in forma pauperis* (Doc. 38) were denied by this Court on January 27, 2006 (Doc. 39). The Eleventh Circuit issued its mandate on April 19, 2006, denying Yelding's motion for certificate of appealability (Doc. 41).

On April 17, 2008, Yelding filed a motion for retroactive application of the sentencing guidelines. (Doc. 42) This Court denied his motion on April

22, 2008. (Doc. 44) Some five months thereafter, petitioner filed another motion to vacate under 28 U.S.C. § 2255. (Doc. 45; *see also* Doc. 48 (motion to vacate completed on this Court's form)) On November 13, 2008, the undersigned issued a Report and Recommendation that petitioner's motion to vacate be dismissed due to his failure to comply with 28 U.S.C. § 2244(b)(3)(A). (Doc. 49) Yelding's objections to the report and recommendation (Doc. 50) were overruled by Chief United States District Judge Callie V.S. Granade and judgment was entered denying the § 2255 petition based upon petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A). (Docs. 51 & 52). Yelding's February 9, 2009 notice of appeal (Doc. 53) was construed by the Clerk of Court as a Motion for Certificate of Appealability (Doc. 54). The undersigned also construes same to contain a request for leave to appeal *in forma pauperis.* (*See id.*)

## DISCUSSION

**A.     Certificate of Appealability.**  Yelding's motion for COA is governed initially by 28 U.S.C. § 2253(c)(1)(A), which provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." As recognized by the Eleventh Circuit in *Gonzalez v. Secretary*

*for the Dep't of Corrections*, 366 F.3d 1253, 1264 (2004), *aff'd on other grounds sub nom. Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), "[t]he certificate of appealability is a threshold or gateway requirement which serves to filter out from the appellate process cases in which the possibility of reversal is too unlikely to justify the cost to the system of a full appellate examination."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition has been denied based upon procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see also id.* at 483-484, 120 S.Ct. at 1603-1604 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were '"adequate to deserve encouragement to proceed further."'").

In his one-paragraph motion for certificate of appealability, Yelding sets forth no reasoning for why jurists of reason would find it debatable whether his motion to vacate states a valid claim of the denial of a constitutional right and why jurists of reason would find it debatable whether this Court was correct in dismissing the petition due to his failure to comply with 28 U.S.C. § 2244(b)(3)(A). (*See* Doc. 54) Yelding attempted to suggest in his objections to the undersigned's report and recommendation that through the instant petition he is invoking Rule 60(b) relief and, therefore, same does not constitute a successive petition subject to the restrictions of § 2244(b)(3)(A). First, however, petitioner never sought relief from judgment under Rule 60 (*compare* Doc. 45 *with* Doc. 48) until he filed his objections (*see* Doc. 50). Even then, it is clear that petitioner never sought to challenge this Court's November 10, 2005 determination that his initial motion to vacate was time-barred. (*See id.*) In fact, Yelding clearly asserts that in this motion to vacate he is asserting that his Fifth and Fourteenth Amendment rights were violated, claims which were not asserted in his original petition. (*Id.* at 2)[2]

---

[2] Therefore, even had Yelding initially styled his motion as a Rule 60 motion, this Court would have properly treated same as a successive petition. *See Bishop v. Epps*, 288 Fed.Appx. 146 (5th Cir. 2008) (finding that district court correctly treated petitioner's Rule 60 motion as a successive petition). The rule in this circuit is that "[u]npublished opinions are not

Accordingly, the Supreme Court's decision in *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), has no application in this case. *Compare id.* 531 & 533, 124 S.Ct. at 2647 & 2648 ("Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction– even claims couched in the language of a true Rule 60(b) motion– circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. . . . When no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application. If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules. Petitioner's motion in the present case, which alleges that the federal courts misapplied the federal statute of limitations set out in § 2244(d), fits this description.") *with id.* at 537, 125 S.Ct. at 2651 ("We hold that a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction. A motion that, like petitioner's, challenges only

---

considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

the District Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3)."). In other words, not only did petitioner not mention Rule 60 until he filed his objections, he could not rely on that rule when he again attacked his conviction on September 29, 2008 based on timeliness concerns, *see Gonzalez, supra,* at 534, 125 S.Ct. at 2649 ("Rule 60(b) contains its own limitations, such as the requirement that the motion 'be made within a reasonable time' and the more specific 1-year deadline for asserting three of the most open-ended grounds of relief (excusable neglect, newly discovered evidence, and fraud.)."), and because Yelding, by his own admission, is attempting to raise one or more claims of error with respect to his federal conviction (*see* Docs. 45 & 48). Therefore, *Gonzalez* is inapplicable and viewing the motion for COA and the report and recommendation through the prism of the standards outlined in § 2253(c)(2) and *Slack* for issuance of a COA, the undersigned finds, for reasons stated in the report and recommendation, that jurists of reason could not debate whether Yelding's § 2255 motion to vacate should have been resolved in a different manner. In other words, jurists of reasons could not debate that the instant petition is second or successive pursuant to AEDPA and that dismissal on

procedural grounds was proper. Accordingly, it is recommended that petitioner's Motion for Certificate of Appealability (Doc. 54) be **DENIED**.

### B.     Petitioner's Implicit Motion to Proceed on Appeal *In Forma Pauperis*.

A determination whether petitioner's implicit motion to proceed on appeal *in forma pauperis* should be granted is informed by 28 U.S.C. § 1915 and Fed.R.App.P. 24. *See Ex parte Chayoon*, 2007 WL 1099088, *2 (M.D. Fla. 2007) (citation omitted). Section 1915(a) provides, as follows:

> (1)     Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2)     A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.
>
> (3)     *An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.*

*Id*. (emphasis supplied). Rule 24(a) of the Federal Rules of Appellate Procedure further provides, in relevant part:

> **(1) Motion in the District Court.** Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> > **(A)** shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> >
> > **(B)** claims an entitlement to redress; and
> >
> > **(C)** states the issues that the party intends to present on appeal.
>
> **(2) Action on the Motion.** If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

*Id*.

The test for whether an appeal is taken in good faith under § 1915(a) is whether the litigant seeks appellate review of any issue that is not frivolous. *Chayoon, supra*, at *1 (citation omitted). "[A]n appellant's good faith subjective motivation for appealing is not relevant, but rather [the appropriate inquiry is] whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal." *Kirklewski v. Hamilton*, 2008 WL 906011, *1 (S.D.

Ohio 2008); *see also Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962).

The undersigned has thoroughly addressed the pertinent issues, and, therefore, the undersigned cannot now find, objectively speaking, that there is any non-frivolous issue to be litigated on appeal. In particular, the undersigned, as indicated above, has read *Gonzalez v. Crosby*, *supra*, and finds it inapplicable. Accordingly, it is recommended that the District Judge deny Yelding's implicit motion to proceed *in forma pauperis* on appeal and certify in writing, pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3)(A), that the appeal is not taken in good faith.

## **CONCLUSION**

It is recommended that petitioner's Motion for Certificate of Appealability (Doc. 54) be **DENIED** because jurists of reason could not debate whether Yelding's § 2255 motion to vacate should have been resolved in a different manner. It is further recommended that the District Judge deny the implicit motion to proceed *in forma pauperis* on appeal (*see id.*) and certify in writing, pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3)(A), that the

appeal is not taken in good faith.

      **DONE** this the 19th day of February, 2009.

          s/WILLIAM E. CASSADY
         **UNITED STATES MAGISTRATE JUDGE**